UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Terry Nali and William Grimm, as Trustees of the Twin City Floor Covering Industry Pension Fund, Twin City Floor Covering Industry Fringe Benefit Trust Fund, and each of their successors,

Plaintiffs,

vs.

Vaughan Floor Covering, Inc.

Defendant.

Case No. 09-cv-02745 (JNE/FLN)

**REPORT AND RECOMMENDATION**

By assignment from the Honorable Joan N. Ericksen, this matter came before the undersigned United States Magistrate Judge, upon Plaintiffs' Motion for Default Judgment and Injunction pursuant to Rules 54, 55, and 65 of the Federal Rules of Civil Procedure. A hearing was held on April 30, 2010. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

The Court makes the following:

**FINDINGS OF FACT**

1. Plaintiffs filed an Amended Complaint in this matter on November 5, 2009. Defendant Vaughan Floor Covering, Inc.'s ("Vaughan") authorized agent was personally served with the Amended Complaint on December 11, 2009.

2. Vaughan failed to file and serve a response or Answer to the Complaint.

1

3. The Clerk entered default on January 8, 2010.

4. Plaintiffs are Trustees and fiduciaries of the Twin City Floor Covering Industry Pension Fund and the Twin City Floor Covering Industry Fringe Benefit Trust Fund (the "Funds"). The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

5. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

6. At all times material herein, Vaughan was bound to the terms of a collective bargaining agreement with the Carpet, Linoleum, Resilient Tile Layers Local #596 of the Lakes and Plains Regional Council of Carpenters & Joiners ("Collective Bargaining Agreement").

7. The Collective Bargaining Agreement requires employers such as Vaughan to submit monthly contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

8. The required contributions are due on the first day and must be remitted to the Funds' administrator by the tenth day of the month following the month worked.

9. The Collective Bargaining Agreement also provides that an employer is considered delinquent after the tenth day of the month and that a penalty of $10.00 or ten percent of the amount due, whichever is greater, shall be assessed on the twenty-first day of the month for any such delinquency.

10. The Collective Bargaining Agreement states that a delinquent employer must pay all legal costs incurred by the Funds to collect delinquent contributions.

11. Vaughan breached the Collective Bargaining Agreement by failing to timely submit the required fringe fund reports and contributions for the months of May 2009 through January 2010.

12. Though untimely, Vaughan ultimately submitted its required fringe fund reports for the months of May 2009 through August 2009. Pursuant to those reports, $17,142.39 is due and owing the Funds for delinquent fringe fund contributions for the months of May 2009 through August 2009.

13. In addition, liquidated damages of $1,714.24 are due and owing the Funds for the months of May 2009 through August 2009.

14. Vaughan's required fringe fund reports for the months of September 2009 through January 2010 remain outstanding to the Funds.

15. The Collective Bargaining Agreement also provides that the Trustees have the authority to audit the payroll books and records of a signatory employer whenever such examination is deemed necessary, and that signatory employers must make their payroll books and records available for such purpose.

16. The Funds' auditor requested that Vaughan produce a complete set of its payroll books and records for the period of August 2006 through the present ("Audit Period").

17. Vaughan breached the terms of the Collective Bargaining Agreement by failing to comply with the auditor's request for the production of Vaughan's payroll books and records for the Audit Period.

18. The Funds reasonably believe that Vaughan employed individuals during the Audit Period for which contributions may be due and owing.

19. Until the audit is completed, the Funds have no way of determining whether Vaughan complied with its contribution obligations to the Funds for the Audit Period.

20. The Funds have no adequate remedy at law to redress Vaughan's failure to submit their payroll and employment records for the audit.

## CONCLUSIONS OF LAW

1. Vaughan is in default and the Funds are entitled to entry of a default judgment.

2. Vaughan is liable to the Funds for delinquent fringe fund contributions in the amount of $17,142.39 pursuant to the fringe fund reports it submitted to the Funds for the months of May 2009 through August 2009.

3. Vaughan is liable to the Funds for liquidated damages in the amount of $1,714.24 for the months of May 2009 through August 2009.

4. Vaughan is required to submit to the Funds the delinquent fringe fund reports for the months of September 2009 through January 2010, as well as any fringe fund contributions shown to be due and owing the Funds pursuant to those reports.

5. Upon completion of the requested audit, Vaughan shall be liable for all fringe benefit contributions and associated liquidated damages found to be due and owing for the Audit Period.

6. Vaughan is liable, in an amount to be determined, for the Funds' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions.

7. Awarding injunctive relief to enforce the Funds' right to the fringe benefit reports and the requested audit will serve the public interest.

8. Vaughan will suffer no harm if ordered to produce the delinquent fringe fund reports and a complete set of its payroll books and records for the Audit Period.

9. The Funds are entitled to injunctive relief and are not required to provide security pursuant to Fed. R. Civ. P. 65(c) because no harm will befall Vaughan.

10. Because the Funds' right to the inspect Vaughan's payroll books and records is separate and independent from their right to collect contributions, and because an injunction enforcing the Funds' right to the delinquent fringe benefit reports is a necessary first step in

determining the amount of contributions due and owing, there is no just reason for delaying entry of judgment on the requested injunction. The Court should therefore order entry of judgment as to the Funds' request for injunctive relief under Fed. R. Civ. P. 54(b).

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiffs' Motion for Default Judgment and Injunction be GRANTED [#9].

2. Defendant be ORDERED to forthwith produce for inspection and audit the following of Carroll Excavating's payroll and employment records for the Audit Period:

   a. All payroll registers or journals;

   b. All check registers or journals for all financial accounts;

   c. All monthly account statements for all financial accounts;

   d. All time cards;

   e. All Internal Revenue 941 quarterly reports;

   f. All Internal Revenue W-2 and W-3 forms;

   g. Sequential canceled checks from Defendants' payroll account;

   h. Sequential canceled checks from Defendants' checking accounts;

   i. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms; and

   j. Any such records as are deemed necessary to the performance of such audit by Plaintiffs' authorized agent.

3. Defendant must submit the required reports and records to the Funds' third party administrator, Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120 within ten (10) days of the date on which he is served with a copy of the Order.

4. There being no just reason for delay, the Court enter judgment on the foregoing injunction pursuant to Fed. R. Civ. P. 54(b).

5. The Court further DECLARES that Defendant is liable to the Funds for:

k. $18,856.63 for delinquent contributions and liquidated damages due and owing pursuant to the fringe fund reports submitted by Defendant for the months of May 2009 through August 2009.

l. Any and all delinquent contributions and liquidated damages found to be due and owing pursuant to the fringe fund reports submitted by Defendant for the months of September 2009 through January 2010;

m. Any and all delinquent contributions and liquidated damages found to be due and owing pursuant to the audit; and

n. The Funds' reasonable attorneys' fees and costs incurred in pursuing delinquent contributions.

6. The Court will determine the amount of contributions, liquated damages, interest charges, and attorneys' fees and costs as follows:

o. After receiving the outstanding fringe fund reports and payroll books and records, and completing their audit, the Funds may file and serve a Motion for Entry of a Money Judgment in the amount the Funds determine that Defendant owes for delinquent contributions and liquidated damages pursuant to the fringe fund reports submitted and for the Audit Period, as well as reasonable attorneys' fees and costs.

p. Vaughan may then file and serve a response to the Funds' Motion within ten (10) days of the date the Funds' Motion is served.

q. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

DATED: April 30, 2010  *s/ Franklin L. Noel*

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before May 14, 2010, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by May 14, 2010, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.