UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terry Nali and William Grimm,
trustees of the Twin City Floor
Covering Industry Pension Fund,
et al.

      Plaintiffs,

v.

Vaughan Floor Covering, Inc.,

      Defendant.

Civil 09-2745 JNE/FLN

O R D E R

_____

Based upon the Findings of Fact, Conclusions of Law, and Recommendation by United States Magistrate Judge Franklin L. Noel dated October 26, 2010, all the files and records, and no objections having been filed to said Report and Recommendation,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Default Judgment and Injunction is GRANTED [#9].

2. Defendant is ORDERED to forthwith produce for inspection and audit the following of Vaughan Floor Covering, Inc.'s payroll and employment records for the Audit Period:

    a. All payroll registers or journals;

    b. All check registers or journals for all financial accounts;

    c. All monthly account statements for all financial accounts;

    d. All time cards;

    e. All Internal Revenue 941 quarterly reports;

    f. All Internal Revenue W-2 and W-3 forms;

  g. Sequential canceled checks from Defendant's payroll account;

  h. Sequential canceled checks from Defendant's checking accounts;

  i. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms; and

  j. Any such records as are deemed necessary to the performance of such audit by Plaintiffs' authorized agent.

3. Defendant must submit the required reports and records to the Funds' third party administrator, Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120 within ten (10) days of the date on which he is served with a copy of the Order.

4. There being no just reason for delay, the Court enters judgment on the foregoing injunction pursuant to Fed. R. Civ. P. 54(b).

5. The Court further DECLARES that Defendant is liable to the Funds for:

  a. $18,856.63 for delinquent contributions and liquidated damages due and owing pursuant to the fringe fund reports submitted by Defendant for the months of May 2009 through August 2009.

  b. Any and all delinquent contributions and liquidated damages found to be due and owing pursuant to the fringe fund reports submitted by Defendant for the months of September 2009 through January 2010;

  c. Any and all delinquent contributions and liquidated damages found to be due and owing pursuant to the audit; and

  d. The Funds' reasonable attorneys' fees and costs incurred in pursuing delinquent contributions.

6. The Court determines the amount of contributions, liquated damages, interest charges, and attorneys' fees and costs as follows:

    a. After receiving the outstanding fringe fund reports and payroll books and records, and completing their audit, the Funds may file and serve a Motion for Entry of a Money Judgment in the amount the Funds determine that Defendant owes for delinquent contributions and liquidated damages pursuant to the fringe fund reports submitted and for the Audit Period, as well as reasonable attorneys' fees and costs.

    b. Vaughan may then file and serve a response to the Funds' Motion within ten (10) days of the date the Funds' Motion is served.

    c. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

DATED: 11-15, 2010.       s/ Joan N. Ericksen
at Minneapolis, Minnesota      JUDGE JOAN N. ERICKSEN
                                                    United States District Court